IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEREK ANTON HOLMES**                                           **PLAINTIFF**

v.                                                   **CAUSE NO. 1:17-cv-305-LG-RHW**

**HARRISON COUNTY JAIL**                                    **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

I.    BACKGROUND

Pro Se Plaintiff Derek Anton Holmes brings this conditions of confinement Complaint pursuant to 42 U.S.C. § 1983. At the time of filing this action, Holmes was incarcerated at the Harrison County Adult Detention Center in Gulfport, Mississippi. Holmes is proceeding *in forma pauperis*. *See* Order [5].

A.   <u>Notice of Assignment</u>

On October 23, 2017, the Clerk issued a Notice of Assignment [Ex. 1-2] advising Holmes that he was required to notify the Court in writing if his address changed and it also warned Holmes that his failure to advise the Court of a change of address or his failure to timely comply with any order of the Court would be

deemed a purposeful delay and contumacious act that may result in the dismissal of this case.

B. Order of November 17, 2017

On November 17, 2017, the Court entered an Order [6] advising Holmes that the Harrison County Jail is not a separate legal entity that may be sued under § 1983. The Order [6] directed Holmes to file a written response to name a viable Defendant on or before December 15, 2017. The Order [6] also warned Holmes that failure to timely comply or failure to keep the Court informed of his current address will lead to the dismissal of this case. The Order was mailed to Holmes at the Harrison County Adult Detention Center which is the address Holmes provided on page one of his Complaint. Compl. [1] at 1. On November 27, 2017, the envelope [7] containing this Order [6] was returned by the postal service with the label "return to sender – not deliverable as addressed – unable to forward." Ret. Mail [7]. The envelope also had a handwritten notation reading "RTS- Released 11-6-17." *Id*. Holmes failed to comply with this Order or otherwise contact the Court.

C. Show Cause Order

On December 29, 2017, the Court entered an Order to Show Cause [9] requiring that Holmes, on or before January 12, 2018: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order; (2) file a response that supplies the information required by the Order [6] of November 17, 2017, and (3) file a written response that

states one current mailing address for the record in this case. *See* Order [9] at 1-2. The Show Cause Order [9] warned Holmes that "if he fails to fully comply with this Order in a timely manner this case will be dismissed without further written notice to the Plaintiff." Order [9] at 2. As directed, the Clerk mailed a copy of the Show Cause Order to Holmes at the Harrison County Adult Detention Center and to a non-incarcerated address that Holmes provided on page two of his Complaint. *See* Order [9] at 2; Compl. [1] at 2. On January 8, 2018, the envelope [10] containing the copy of the Show Cause Order [9] that was sent to the Harrison County Adult Detention Center was returned by the postal service with the label "return to sender – not deliverable as addressed – unable to forward." Ret. Mail [10]. Holmes failed to comply with the Show Cause Order or otherwise contact the Court.

## II. DISCUSSION

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and

to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

Holmes has failed to keep this Court advised of his current address and he has failed to comply with two Court Orders [6],[9].  Although the last two Orders [6], [9] entered by the Court were returned as undeliverable, one previous Order [3] and the Clerk's Notice of Assignment [Ex. 1-2] were successfully delivered to Holmes.  Both of these documents warned Holmes that his failure to keep the Court informed of his current address or his failure to timely comply with a Court order would result in the dismissal of this case.  *See* Notice [Ex. 1-2] at 1; Order [3] at 2.

Holmes has not contacted the Court since October 30, 2017.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.  *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005).  Docketing another show cause order would likewise be futile when Holmes has failed to provide a valid address.  Therefore, the Court concludes that dismissal of this action is proper for Holmes's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure.  *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Holmes's pleading, and the Court has not considered the merits of Holmes's claims, the Court's Order of Dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

4

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 26th day of January, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE